**IN RE Richard Allen MASTERSON, Relator**

**NOS. WR–59,481–04 & 59,481–05**

Court of Criminal Appeals of Texas.

Filed: January 15, 2016

Mandy Miller, Patrick F. McCann, for Richard Allen Masterson.

For majority opinion, see 2016 WL 240730.

## CONCURRING STATEMENT

ALCALA, J., filed a concurring statement.

I respectfully concur in the Court's judgment that denies the motions for leave to file two writs of prohibition filed by Richard Allen Masterson, relator. I agree with this Court's ultimate determination that relator's request for prohibition relief must be rejected in light of his failure to meet the stringent pleading requirements that attach to such a request. I write separately to explain my rationale for rejecting relator's present challenge to the newly enacted section of the Government Code that protects the confidentiality of certain information pertaining to the State's procedures in carrying out executions. *See* Tex. Gov't Code § 552.1081.

At the outset, I note that relator's challenge is one of first impression in this Court. Texas Government Code Section 552.1081 is an entirely new statute that became effective just four months ago. It provides for the confidentiality of certain information regarding the State's execution procedures by excepting from public-disclosure requirements the "identifying information" of "(1) any person or entity who participates in an execution procedure, including a person who uses, supplies, or administers a substance during the execution; and (2) any person or entity that manufactures, transports, tests, procures, compounds, prescribes, dispenses, or provides a substance or supplies used in

an execution." Tex. Gov't Code § 552.1081. In challenging the statute on both state and federal constitutional grounds, relator contends that, although the Texas Department of Criminal Justice has furnished information regarding the current execution protocol and the identity of the drug to be used in his execution, TDCJ has relied on this statute as its authority for declining to reveal any information as to the manufacturer or supplier of the drug. Relator contends that the information released by TDCJ is inadequate because "the drug used to execute [him] is only as safe and effective as the persons who manufacture, supply, and handle it." By barring him from learning the identity of the manufacturer and supplier of the execution drug, relator contends that Section 552.1081 operates in such a way as to hinder his ability to "launch[ ] an informed and thorough challenge to the integrity and safety of the pentobarbital to be used in carrying out his death." In sum, he asserts that the "secrecy" imposed by the statute effectively curtails his ability to ensure that his execution will be carried out in conformity with the constitutional prohibition on cruel and unusual punishment, in violation of the First and Fourteenth amendments to the federal Constitution and the due course of law and open courts provisions in the Texas Constitution.

This Court's order does not expressly state its reasoning for denying relator's motion. My rationale for denying his motion is that relator has failed to meet the stringent pleading requirements that attach to a request for prohibition relief. *See, e.g., In re Medina,* 475 S.W.3d 291, 305 (Tex.Crim.App. 2015) (explaining that the extraordinary remedy of prohibition is available only to one who can show both that (1) he has "a clear right to the relief sought because the facts and circum-

stances dictate but one rational decision under unequivocal, well-settled, and clearly controlling legal principles," and (2) he has no adequate remedy at law); *In re Allen*, 462 S.W.3d 47, 50 (Tex.Crim.App.2015) (in parallel context of a request for mandamus relief, explaining that, for extraordinary remedy to be warranted, the act a relator seeks to compel "must be positively commanded and so plainly prescribed under the law as to be free from doubt"). Given this demanding standard, I am bound to agree with the Court's implicit determination that relator has failed to carry his burden of showing that he is entitled to prohibition relief.

To establish the first of the two requirements for obtaining a writ of prohibition, a relator must show "that the act he wishes the higher court to restrict does not involve a discretionary or judicial decision." *See Medina*, 475 S.W.3d at 297. Relator's request to prohibit the State from carrying out his execution based on the existence of the allegedly unconstitutional statute necessarily would involve a judicial decision of this Court based on our having to determine whether the non-disclosure statute is in fact unconstitutional. Given that the statute at issue has never been litigated before, and given that his constitutional challenge does not fall within the exception to the general rule against determining matters of first impression in a prohibition proceeding, relator cannot meet the requirement that he show a clear right to relief. *See id.* (explaining that " 'an issue of first impression can sometimes qualify for mandamus relief when the factual scenario has never been precisely addressed but the principle of law has been clearly established' ") (quoting *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex.Crim. App.2013)).

To establish the second of the two requirements for obtaining a writ of prohibition, a relator must demonstrate the absence of an adequate remedy at law. It is arguable that relator has also failed to meet this prong of the prohibition standard because his complaint might be more properly addressed in a civil-rights lawsuit. After all, relator's constitutional complaint does not directly challenge the legality of his sentence or the precise manner in which it is to be carried out; instead, he challenges the deprivation of information regarding the identity of the person or entities supplying the drugs to be used. A civil-rights lawsuit, however, may not constitute an "adequate" remedy in light of the facts that any complaint would not be ripe until an execution date was set and that a civil court would lack the authority to stay an impending execution. Given the rigorous demands of the prohibition standard, I am compelled to agree with the Court's ultimate determination that relator has failed to satisfy that standard.

Although I agree with the Court's ultimate holding today, I recognize that this places relator and other similarly situated litigants in what may be a problematic position. Relator's complaint challenging the State's refusal to disclose the particular supplier and manufacturer of a drug to be used in his execution is likely not ripe until immediately before the execution is set to take place. But once an execution date grows imminent and the claim is ripe, it is likely too late for a death-sentenced individual to challenge the validity of the statute in a civil proceeding. Furthermore, a civil court would lack the authority to stay an execution. And, as this Court effectively holds today, a petition for a writ of prohibition directed to this Court is also an ineffective vehicle for raising such a claim, given the novel nature of the claim and the stringent requirements for obtaining extraordinary relief. I thus recognize that relator's motion gives light to difficult

questions that may need to be addressed by either the judicial or legislative branches in the future. In this case, however, in which relator has presented nothing more than a desire to discover the identity of the drug supplier without any more compelling facts to demonstrate a need for that information, I agree that he has failed to meet the strict requirements for a writ of prohibition.

I also take this opportunity to note that this Court's application of the standard for granting extraordinary relief appears to be in a state of flux that has led to this Court applying a liberal standard in some cases while applying a more stringent standard in others. *Compare In re State ex rel. Risinger*, No. WR–84,212–01, 2015 WL 12732453 (Tex.Crim.App. Nov. 18, 2015) (granting mandamus relief to the State on basis that trial judge lacked authority under Code of Criminal Procedure Article 43.141 to withdraw scheduled execution date in the absence of active habeas pleadings, and ordering scheduled execution to proceed), *with Medina*, 475 S.W.3d at 307 (denying prohibition relief to death-sentenced individual on basis that he had failed to show that he had a clear right not to testify at his post-conviction writ hearing), *and Allen*, 462 S.W.3d at 53 (denying mandamus relief to the State, and holding that a defendant's request for a pretrial determination of intellectual disability "does not call for the execution of a ministerial act").

In *Risinger*, a case in the identical procedural posture as this case in that it dealt with the imminent execution of Raphael Deon Holiday and a party's last-minute request for extraordinary relief, this Court relied on an unpublished order from a previous case as a basis for holding that the statute at issue, Code of Criminal Procedure Article 43.141, clearly prohibited the trial judge in that case from withdrawing an imminent execution date. *See id.* (citing *In re John R. Roach*, No. WR–41,168–08, 2008 WL 2486229 (Tex.Crim. App. June 17, 2008)). In its three-page order, this Court's majority held that the State had satisfied the clear-right-to-relief component of the mandamus standard, thereby granting mandamus relief and ordering the defendant's execution to proceed on schedule. *See id.* In that case, this Court's majority order did not analyze or even mention the no-adequate-remedy-at-law prong. *See id.* I issued a dissenting statement explaining my view that the law was unsettled as to whether the trial court was authorized to withdraw the scheduled execution date and, thus, I concluded that the State was not entitled to mandamus relief. *See id.* (Alcala, J., dissenting) ("[I]t is not at all obvious to me that the plain language in Article 43.141 so clearly prohibits the judge of the convicting court from withdrawing an execution date in order to permit a death-sentenced individual to pursue additional post-conviction proceedings").[1] By contrast, in denying the requests for extraordinary relief in

---

1. Holiday was executed on schedule. On the night of Holiday's execution, Judge Newell and I each dissented from this Court's majority order that was issued less than twenty minutes after this Court had received Holiday's response to the State's petition for mandamus. Several weeks later, when this Court issued a show-cause order against Holiday's attorneys, I issued a dissenting statement as to the show-cause order, and Judge Newell issued a concurring statement. Although

Judge Newell and I have disagreed as to the rationale underpinning our ultimate conclusion that this Court erred in granting the State's request for extraordinary relief to permit Holiday's execution after the trial court had withdrawn the order of execution, each of our opinions reflect our agreement as to the important matter that Holiday should not have been executed when he was because the State failed to meet the legal requirements for a petition for mandamus relief.

both *Medina* and *Allen,* neither of which involved an impending execution, this Court engaged in an exhaustive analysis in each case, going to great lengths to demonstrate why the litigants had failed to meet the rigorous demands for demonstrating an entitlement to extraordinary relief. *See Medina,* 475 S.W.3d at 305 ("A writ of prohibition is not the proper vehicle to settle unsettled law."); *Allen,* 462 S.W.3d at 53 (observing that "[t]his case, like all mandamus cases, must be decided on the existing law alone"; "a mandamus proceeding is not the appropriate place to interpret statutory language").

I conclude that this Court's majority orders granting or denying extraordinary relief should explain their rationale so that litigants may understand this Court's rulings. In the absence of explanations for this Court's majority orders, it may appear as though some litigants are being held to a heightened standard whereas others are not, depending on the nature and timing of their complaints.

The issues presented in this case will likely appear again before this Court. Although I am concerned about the possibility that such claims will repeatedly evade judicial review, I am bound by this Court's law under the facts of this case that demonstrate that relator has failed to carry his burden of showing that he is entitled to prohibition relief. With these comments, I concur in the Court's order as to relator's petition for a writ of prohibition in No. WR-59,481-04.

I further note that, having reviewed relator's motion for leave to file a petition for a writ of prohibition in No. WR-59,481-05, and having concluded that it lacks merit, I join this Court's order in that case.